IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**EVERETT BRAKEMAN,**

       **Plaintiff,**

vs.                                                                                                         Civ. No. 03-161 RHS

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision, filed July 24, 2003. [Doc. No. 16]  The Commissioner denied Plaintiff's request for Social Security Disability Insurance ("SSDI") and Supplemental Security Income ("SSI") benefits.   Plaintiff, age 52,  alleges a disability which commenced on May 14, 1990 due to a back injury and antisocial personality disorder.

The Commissioner denied Plaintiff's 1995 application both initially and on reconsideration. After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") likewise denied the application, concluding that Plaintiff has a residual functional capacity to perform a restricted range of light work.  The Appeals Council denied Mr. Brakeman's request for review.  A federal court appeal was filed and Mr. Brakeman's case was remanded.  A second administrative hearing was held in 1999 before ALJ Robert Schatz and an unfavorable decision was entered subsequent to that hearing. After the Appeals Council again denied review, a second federal court case was filed and an agreed motion to remand for further administrative proceedings was granted by the Court.  A third administrative hearing was held on July 2, 2002

before ALJ Gary Vanderhoof.  A third unfavorable decision was entered on November 20, 2002. The Appeals Council denied Plaintiff's request for review and the ALJ's decision therefore is the final decision of the Commissioner.  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

At the time of the Commissioner's final decision, claimant was 51 years old.  He had attended school through the ninth grade and obtained a GED.  He testified that he also earned A.A. degrees in psychology and auto mechanics during the time he was incarcerated. Tr. at 359. His past relevant work experience was as a cook, an auto mechanic and an oil field worker.

The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ failed to comply with the District Court Order of Remand; (2) the ALJ failed to find that Plaintiff met or medically equaled listing 12.08 of the listing of impairments, for Antisocial Personality Disorder; and (3) the ALJ failed to properly evaluate the evidence of record which Plaintiff contends documents his disability and inability to perform the basic mental demands of unskilled work.

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson at 1486 (citing 42

U.S.C. § 1382c(a)(3)(A)).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).

At the first four levels of the evaluation, the claimant must show:  (1) that he or she is not working; (2) that he or she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he or she is unable to perform work done in the past.   At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than  past relevant work.  Thompson at 1487 (citations omitted).

**First Alleged Error**

Plaintiff claims that Defendant failed to comply with the District Court Order of Remand. The remand order stated that the ALJ should reevaluate Plaintiff's mental impairments and medical source opinions and provide specific rational for accepting or rejecting the opinions.

The decision discusses the consultative examinations performed by psychiatrist Jaime Michel on October 17, 1995 and by psychologist Raiman K. Johnson on April 5, 2002. The consultative non-examining physicians, Dr. Carole Jones and Dr. Nancy Nickerson, are not specifically mentioned by the ALJ in his most recent decision and Plaintiff does not argue that their opinions provide any support for his disability claims.  In fact, after the opinions of Dr. Jones and Dr. Nickerson were relied upon by the second ALJ, Plaintiff requested an opportunity to cross-examine these doctors, calling them "biased against social security claimants in general and

this claimant in particular." Tr. at 254-258. The Court finds no basis in the record for such allegations.

Plaintiff evidently has received no care from mental health professionals except during the time he was under the supervision of the Roswell Community Corrections (RCC) Program and no treatment notes from RCC are part of the record. Tr. at 186. The Court is therefore limited to assessing the adequacy of the ALJ's evaluation of the information from the two consultative mental health examiners. The Commissioner apparently ordered the 2002 consultative examination by Dr. Johnson in order to comply with the Court's order that the record be more fully developed with respect to Plaintiff's alleged mental impairment.

The medical evidence in the record from Dr. Johnson's report was discussed in detail by the ALJ. Tr. at 322-323. Dr. Michel's 1995 report was mentioned by the ALJ, however, the ALJ noted that it dealt with Plaintiff's alleged alcohol abuse which was in remission during the relevant time period. Tr. at 322. The ALJ also found that by the time Dr. Johnson examined Plaintiff, his alcohol abuse was in remission. Id.

Plaintiff argues that the ALJ minimized the negative aspects of Dr. Johnson's report and fundamentally ignored Dr. Michel's report. Although a different ALJ might have interpreted the reports differently, the Court finds that the ALJ adequately weighed the medical evidence and obeyed the remand order.

**Second Alleged Error**

Plaintiff claims that the ALJ erred in failing to find that the Plaintiff met or medically equaled listing 12.08 of the Listing of Impairments for Antisocial Personality Disorder. The Regulations describe the disabilities in the Listing of Impairments as "impairments which are

4

considered severe enough to prevent a person from doing any gainful activity."  Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1988); 20 C.F.R. § 404.1525(a) (1982).  As the Supreme Court noted, "[t]he regulations recognize that certain impairments are so severe that they prevent a person from pursuing any gainful work." Id., Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 1954, 76 L.Ed.2d 66 (1983).  When a claimant's disability is equal to or more severe than an impairment in the Listing of Impairments, he is per se disabled.  Knipe at 145.

For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria.  An impairment that manifests only some of those criteria, no matter how severely, does not qualify.  Sullivan v. Zebley, 493 U.S. 521, 531 (1990);  see Social Security Ruling (SSR) 83-19.  A claimant who seeks to show that his impairment is "equivalent" to a listed impairment must present medical findings equal to all the criteria for that impairment.  Id.  The regulations provide that the claimant's own descriptions of his impairments is not sufficient to establish his disability under the Listings.  20 C.F.R. S 404.1528(a); 416.928.

Listing 12.08 requires that there must be medical evidence of the personality disorder,   as specified in the "A" criteria, resulting in functional limitations as specified in the "B" criteria. See 20 C.F.R pt. 404, subpt P., appendix 1, 12.00.  The ALJ performed a detailed analysis of Mr. Brakeman's functional limitations under the "B" criteria. The "B" criteria of Listing Section 12.08 requires three of the following functional limitations:

1. marked restriction of activities of daily living; or

2. marked difficulties in maintaining social functioning; or

3. deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner (in work settings or elsewhere); or

  4. repeated episodes of deterioration or decompensation in work or work-like setting which cause the individual to withdraw from that situation or to experience exacerbation of signs and symptoms (which may include deterioration of adaptive behaviors).

20 C.F.R. pt 404, subpt. P, appendix 1, listing 12.08.

  Each area of functional limitation was related to the evidence of record in this case. The ALJ found that Mr. Brakeman did not have more than a moderate restriction of activities of daily living based on Plaintiff's testimony that he is able to clean his home, go shopping and drive to the grocery store. Tr. at 322. The ALJ found that Plaintiff had a marked limitation in his ability to perform social functioning which was established by his repeated incarcerations. Tr. at 322. Based on the consultative psychological examination performed by Dr. Johnson, which indicated that Plaintiff's thought processes were intact, that his judgement and insight were adequate and his ability to understand abstract concepts was good, the ALJ concluded that Plaintiff had at most a moderate limitation in his ability to maintain concentration, persistence and pace. Tr. at 322-323. The ALJ found, in the final area covered by 12.08 (B), that "there is no evidence of any episodes of decompensation, each of extended duration pursuant to part B(4)." Tr. at 323. Mr. Brakeman argues that he has had numerous episodes of decompensation because "he is unable to maintain social relationships, and his disregard for the norms of society has caused him to incur multiple periods of incarceration."

  The Court does not find support for that argument in the record. Neither consulting physician stated that Plaintiff's mental condition compelled him to break the law. Plaintiff was not incarcerated due to his mental impairment, but because of criminal behavior, which was not shown to have resulted from his mental disability. See Kelbach v. Harris, 634 F.2d 1304, 1307

(10th Cir. 1980). The mere fact that he was repeatedly incarcerated does not demonstrate the requisite episodes of decompensation, therefore, the ALJ's finding that Plaintiff did not meet the requirements of functional impairment under the B(4) standard was reasonable.

Substantial evidence supports the ALJ's decision that Plaintiff's mental impairment does not result in functional limitations to the degree specified in Listing 12.08. No error was made by the ALJ in reaching that conclusion.

**Third Alleged Error**

Plaintiff contends that the evidence of record documents that he is disabled and unable to perform the basic mental demands of unskilled work as described in Social Security Rule 85-15, which states that if an individual is unable to respond appropriately in the workplace, he lacks the mental residual capacity for employment. Mr. Brakeman argues that his mental impairment prevents him from responding appropriately in the workplace, in part because "he is quite likely to physically assault [a] coworker." Pl. Br. at 10.

The ALJ found that Plaintiff's mental limitations were consistent with the ability to perform simple, unskilled work that did not involve interacting with the public and did not involve work around more than a few coworkers in the immediate area. Tr. at 325. The ALJ posed hypothetical questions to the vocational expert which incorporated those limitations. Tr. at 377-379. Based on the vocational expert's testimony, the ALJ found that Plaintiff could work in several light jobs. Tr. at 326.

The ALJ adequately discussed the evidence and explained why he found that claimant was not disabled. The Court is aware that Plaintiff has previously alleged that this ALJ was biased against him. Tr. at 7-19. The Court has carefully reviewed the transcript of the final

hearing in this case and finds that it was conducted in a fair and impartial manner. Mr. Brakeman had ample opportunity to fully develop the evidence in this case and failed to establish that his mental limitations prevent him from responding appropriately in the workplace. The ALJ's decision is not contrary to SSR 85-15.

In conclusion, the Court finds that no error warranting remand or reversal was committed by the ALJ. The Court further finds that the decision is supported by substantial evidence.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Reverse or, in the Alternative, a Remand of Said Decision [Doc. No. 16] is DENIED.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE